# Exhibit A


# PNC BANK

**Loss Mitigation Contact Information:**
PNC Bank, B6-YM13-01-T
3232 Newmark Drive
Miamisburg, OH 45342-5421
1-888-224-4702

| | |
|---|---|
| LOAN NUMBER | |
| DATE | August 29, 2023 |
| PAGE 1 OF 4 | |
| FHA Case No: | 441-7702311 |

**KARON SIMMONS**

**5920 WEBSTER ST**
**PHILADELPHIA, PA 19143**

**Property Address:**
5920 WEBSTER ST
PHILADELPHIA, PA 19143



**Based on a review of your loan, you have been conditionally approved for a permanent Loss Mitigation option.**

**You have been conditionally approved for a Loss Mitigation Option**

Based on a review of your loan, you have been conditionally approved for a Recovery Modification. This is the first step toward resuming your mortgage payments. Please review the terms and follow the instructions outlined below.

If you are unable to resume making on-time mortgage payments, please contact us at 1-888-224-4702.

**Here are terms of your Loss Mitigation Option:**

The next step is to permanently modify your loan to more affordable mortgage payments or more manageable terms. The terms of this permanent loan modification are attached. It is important that you read this information thoroughly so that you can decide whether you would like to accept this permanent loan modification offer.

By Accepting this offer, your affirm that you have the ability to make the modified mortgage payments.

- The terms of your Modification Agreement require PNC Bank to set aside a portion of your new monthly payment in an escrow account for payment of your property taxes, insurance premiums and other required fees. Any prior waiver of escrows by your lender is no longer in effect. PNC Bank will draw on this account to pay your real estate taxes and insurance premiums as they come due. Please note that your escrow payment amount will adjust if your taxes, insurance premiums and/or assessment amounts change, so the amount of your monthly payment that PNC Bank must place in escrow will also adjust as permitted by law. This means that your monthly payment may change.

**If at the time you execute the loss mitigation plan documents your mortgage loan account does not qualify for the relief, further FHA approval will be required. Without such approval, the loss mitigation plan will be denied for your mortgage loan.**

*continue to next page*

To request information or notify us of
an error regarding your account, please
send a written request/notice to
 **PNC Bank**
 **PO Box 8807**
 **Dayton, OH 45401-8807**

**Here are instructions for accepting the Loss Mitigation Option:**

To accept this Recovery Modification, you must follow the steps outlined below. Please note that PNC Bank must receive the signed and dated documents by September 28, 2023.

**1) Please complete and return the two executed copies of the attached Loan Modification Agreement**
  a. Using black ink only, sign and date the two copies of the attached Loan Modification Agreement in the presence of a notary public .
  b.
    i. *Please sign your name exactly as shown on the Loan Modification Agreement. The county will not record the modification if your signature is different. If there has been a life altering event to cause a change in name, proof of that event is required (i.e. Marriage Certificate, Divorce Decree, Quit Claim Deed, etc.).*
    ii. *All parties that signed the Mortgage Note, must sign the Loan Modification. If there has been a life altering event that prevents all parties from signing, proof of that event is required (i.e. Death Certificate).*
  c. Any alterations to the Loan Modification document, including use of white out or crossing out of information, Modification terms or signatures, will make the Modification Agreement null and void.
  d. Return the two executed copies of the Loan Modification Agreement using the enclosed Fed-Ex envelope (you can take it to any Fed-Ex Shipping Center or drop box).

2) Once the Loan Modification has been received on or prior to the due date, we will send you a fully executed copy of the Loan Modification Agreement signed by a PNC representative (this should be kept for your records).

Please be advised that if we do not receive the executed Loan Modification Agreement by September 28, 2023, normal servicing of your loan will continue, which may include collection and foreclosure proceedings, as well as negative credit bureau reporting, if applicable. If these proceedings were previously suspended, they may begin once more.

Once we have received the executed Loan Modification Agreement, we will not refer your loan to foreclosure, or if your loan has already been referred to foreclosure, we will continue to suspend the next legal action in the foreclosure proceedings; provided we receive your first payment by the due date.

If we do not receive the executed Loan Modification Agreement by September 28, 2023, this Offer will be considered revoked.

Please be advised that a permanent loss mitigation option is conditioned upon obtaining the Bankruptcy Court's approval in writing to modify the current mortgage. A notice of release of mortgage from the Bankruptcy Repayment Plan is also required for Chapter 13 Bankruptcies. Similarly, please note that renewal of the foreclosure process as described above would be subject to receiving the Bankruptcy Court's approval. All documents, if applicable, must be faxed to (855) 288-3974.

Any pending foreclosure action or proceeding that has been suspended may be resumed, subject to the Bankruptcy Court's approval, if you fail to comply with the terms of the plan or do not qualify for a permanent modification.

**Here is the information about other Loss Mitigation Modifications you were not approved to receive:**

We have completed our review of your hardship assistance request. However, your assignee or mortgage owner, PNC BANK, NATIONAL ASSOCIATION, cannot approve your request for assistance for the:

- Making Home Affordable HAMP Modification because we service your loan on behalf of an investor or group of investors that has not given us the contractual authority to modify your loan for this alternative to foreclosure option.
- Recovery Standalone Partial Claim because we are unable to create an affordable payment without exceeding a partial claim that exceeds 30% of your outstanding Unpaid Principal Balance, the maximum permitted by the assignee or mortgage owner of your loan.

Your assignee or mortgage owner has provided a hierarchy of loss mitigation options that can be offered based on a borrower's financial situation. According to this hierarchy, PNC has made the only offer available to you, resulting in the denial of any other loss mitigation options, including loan modifications, below the offered option in the hierarchy.

*continue to next page*

LM_FHACOVID19_V02.16

To request information or notify us of an error regarding your account, please send a written request/notice to
  **PNC Bank**
  **PO Box 8807**
  **Dayton, OH 45401-8807**

**Here is how you can appeal the denials listed above:**

If you would like to appeal the denial of the loan modifications listed above, do not sign and date the Loan Modification Agreement. Instead, please complete the "Loan Modification Denial Appeal Form" found at pnc.com/homeownersassistance and return it to us by fax at 1-855-288-3974 or by mail to PNC Bank / Image Center B6-YM10-01-1, 3232 Newmark Drive, Miamisburg, OH 45342-5421.

To be considered for an appeal, we must receive your completed Appeal Form by September 28, 2023. Please be sure to keep this letter in case your appeal is not granted.

It is important for you to know that, if your Appeal is denied, you may choose to accept the original Offer described in this letter. To do so, you must return the signed and dated Loan Modification Agreement, by the due date provided in the Appeal Denial Notification and make all payments owed (if applicable), per the dates stated in this letter. For example, if your Original Offer was provided in February with a first payment due date of March 1 and if the due date in your Appeal Denial Notification for accepting the original Offer is May 1, then by May 1, we must receive all payments due under the terms of the original Offer. If under the terms of the original Offer, payments are due on the first of the month starting in March, then to accept the offer, you would need to return the signed and dated Loan Modification Agreement, and pay the March, April and May payments by May 1.

If your appeal is denied and you do not choose to accept the Offer described in this letter, or if you do not make all scheduled payments, per the dates stated in this Offer letter, normal servicing of your loan will continue, which may include collection and foreclosure proceedings, as well as negative credit bureau reporting, if applicable. If these proceedings were previously suspended, they may begin once more.

**What if I need further assistance?**

- Please contact us any time at 1-888-224-4702, especially if you experience another event that may prevent you from making your mortgage payment.
- For a list of HUD-approved housing counseling agencies that can provide free foreclosure prevention and debt management information, and may be able to provide translation or other language assistance, contact one of the following federal government agencies:
- The U.S. Department of Housing and Urban Development (HUD) at (800) 569-4287 or www.hud.gov/counseling
- The Consumer Financial Protection Bureau (CFPB) at (855) 411-2372 or www.consumerfinance.gov/mortgagehelp

This is an attempt to collect a debt and/or enforce our lien. Any information obtained will be used for that purpose unless prohibited by applicable law. However, if this debt has been discharged or if you are protected by the automatic stay in bankruptcy, we are not attempting to collect the debt from you personally, and if we have obtained relief from the automatic stay, we will only exercise our rights against the property itself. By providing this notice we do not waive any applicable exemptions from state or federal collection laws.

If you are requesting modified payments or other loss mitigation, please note that normal collection activity, collection litigation, and/or foreclosure activity may continue on your loan to the extent allowed by law while your request is being reviewed. Any information requested may be necessary to determine your eligibility for loss mitigation options.

There may be additional fees or costs, that have been incurred but that are not included in this document because they have not yet been applied to your account. To the extent there are fees we are permitted to recover from you under the terms of the note and mortgage, or other agreement you have entered into, you will be responsible for these fees and costs when they are applied to your account.

*continue to next page*

LM_FHACOVID19_V02.16


## OFFER ACCEPTANCE

Loss Mitigation option offered on **August 29, 2023**
Loan Number: ▇▇▇▇▇▇▇▇

**Instructions:**

To accept this Loss Mitigation Offer, please sign and date this page and send it with the two executed copies of the Agreement to us using the enclosed pre-paid envelope. Please note that we **must** receive your executed Offer Acceptance, by September 28, 2023.

With my signature, I understand and consent to PNC Bank's disclosure of my personal information and the terms of any hardship relief or foreclosure alternative that I receive to any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) loans(s) or to any HUD-certified housing counselor.

With my signature, I agree to the offer described in full in this letter dated August 29, 2023.

**Borrower Signature**  *Karon Simmons*

**KARON SIMMONS**

*8  9/1/2023*

**Date**

LM_FHACOVID19_V02.16

To request information or notify us of
an error regarding your account, please
send a written request/notice to
  **PNC Bank**
  **PO Box 8807**
  **Dayton, OH 45401-8807**

## Exhibit #1 - Terms of Modification

| PNC # | | | | 0 |
|---|---|---|---|---|
| | SIMMONS,KARON | | | |
| | | | | |
| | 5920 WEBSTER ST | | | |
| | PHILADELPHIA | PA | 19143 | |

| | |
|---|---|
| Existing annual interest rate | 4.875% |
| New modified annual interest rate | 7.625% |

| | |
|---|---|
| New modified monthly payment of principal and interest | $509.30 |
| New estimated monthly payment of taxes and insurance | $324.38 |
| Total new modified monthly payment | $833.68 |

| | |
|---|---|
| Effective date of loan modification | 9/1/2023 |
| Due date of first modified monthly payment | 10/1/2023 |
| New maturity date of modified mortgage | 9/1/2063 |

| | |
|---|---|
| Existing unpaid principal balance | $71,657.02 |

Additions to Principal Balance:

| | | |
|---|---|---|
| | Unpaid Accrued Interest | $5,689.45 |
| | Mortgagee Advanced for Escrow Items | $7,423.62 |
| | Mortgagee Advances for Fees and Costs | $4,327.03 |
| | Escrow Shortage | |

Subtractions to Reduce Principal Balance:

| | | |
|---|---|---|
| | Principal Deferment/Partial Claim Amount | $12,777.03 |
| | New modified unpaid principal balance | $76,320.09 |

Amounts due from borrower for modification (by certified or cashier's check):

| | |
|---|---|
| Borrowers first modified monthly payment | $833.68 |

# PROMISSORY NOTE

**AUGUST 25, 2023**
[Date]

**PHILADELPHIA**
[City]

**PENNSYLVANIA**
[State]

**5920 WEBSTER STREET, PHILADELPHIA, PENNSYLVANIA 19143**
[Property Address]

### 1. PARTIES.

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

### 2. BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum of **TWELVE THOUSAND SEVEN HUNDRED SEVENTY-SEVEN DOLLARS AND 3 CENTS** Dollars (U.S. **$12,777.03**), to the order of Lender.

### 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

### 4. MANNER OF PAYMENT

**(A) Time.**
On ; **SEPTEMBER 1, 2063**, or, if earlier, when the first of the following events occurs:

(i) The Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or
(ii) The maturity date of the primary Note has been accelerated, or
(iii) The Primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary.

**(B) Place.**
Payment shall be made at the **Office of Housing-FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410** or any such other place as Lender may designate in writing by notice to Borrower.

### 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

### 6. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights or presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 7. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

Borrower
**KARON SIMMONS**

This Document Prepared By:
**TAMEKA THOMPSON**
**PNC MORTGAGE, A DIVISION OF PNC BANK,**
**NATIONAL ASSOCIATION**
**3232 NEWMARK DR**
**MIAMISBURG, OH 45342**
**(888) 224-4702**

When Recorded Mail To:
**PNC BANK, N.A.**
**P.O. BOX 8800**
**DAYTON, OH 45401**

**Tax/Parcel #:**

_____ [Space Above This Line for Recording Data] _____
**FHA Case No.:**
**Loan No:**

**5920 WEBSTER STREET, PHILADELPHIA, PENNSYLVANIA 19143**
(herein "Property Address")

# PARTIAL CLAIMS MORTGAGE

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on **AUGUST 25, 2023**. The mortgagor is **KARON SIMMONS UNMARRIED** ("Borrower"), whose address is **5920 WEBSTER STREET, PHILADELPHIA, PENNSYLVANIA 19143**. This Security Instrument is given to the **Secretary of Housing and Urban Development**, whose address is **451 Seventh Street SW, Washington, DC 20410** ("Lender"). Borrower owes Lender the principal sum of **TWELVE THOUSAND SEVEN HUNDRED SEVENTY-SEVEN DOLLARS AND 3 CENTS** Dollars (U.S. **$12,777.03**). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **SEPTEMBER 1, 2063**.

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with power of sale, the following described property located in the **County** of **PHILADELPHIA**, State of **PENNSYLVANIA**:

which has the address of , **5920 WEBSTER STREET, PHILADELPHIA, PENNSYLVANIA 19143** (herein "Property Address");

HUD-HAMP Subordinate Note

Page 1

**THE LAND REFERRED TO IN THIS DOCUMENT IS SITUATED IN THE CITY OF PHILADELPHIA, COUNTY OF PHILADELPHIA, STATE OF PENNSYLVANIA, AND DESCRIBED AS FOLLOWS:**

**SEE ATTACHED EXHIBIT A**

Tax Parcel No.

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing, is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

**2. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**3. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**4. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street SW, Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of



this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**7. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Subordinate Note, the Secretary may invoke the non-judicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 *et seq.* ) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided by the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph or applicable law.

In Witness Whereof, I have executed this Agreement.

_____ _Karen Simmons_ _____

Borrower: **KARON SIMMONS**

9/1/2023

**Date**

_____[Space Below This Line for Acknowledgments]_____

## BORROWER ACKNOWLEDGMENT

State of Pennsylvania

County of _Philadelphia_

This record was acknowledged before me on _9/1/2023_ (date)

by KARON SIMMONS (name(s) of individual(s)).

_Nancy A. Matteis_

Signature of notarial officer

(Stamp)

_Nancy A. Matteis notary public_

Printed Name and Title of office

Commonwealth of Pennsylvania - Notary Seal
NANCY A MATTEIS - Notary Public
Philadelphia County
My Commission Expires May 19, 2027
Commission Number 1262609

My commission expires: _May 19, 2027_

Date: **AUGUST 25, 2023**
Loan Number: ▮
Lender: **SECRETARY OF HOUSING AND URBAN DEVELOPMENT**

Borrower: **KARON SIMMONS**

Property Address: **5920 WEBSTER STREET, PHILADELPHIA, PENNSYLVANIA 19143**

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

_Karon Simmons_                          9/1/2023
Borrower                                              Date
**KARON SIMMONS**

Date: **AUGUST 25, 2023**
Loan Number: ▓▓▓▓▓▓▓▓
Lender: **SECRETARY OF HOUSING AND URBAN DEVELOPMENT**

Borrower: **KARON SIMMONS**

Property Address: **5920 WEBSTER STREET, PHILADELPHIA, PENNSYLVANIA 19143**

# ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In consideration of **SECRETARY OF HOUSING AND URBAN DEVELOPMENT**

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_Karon Simmons_                                   9/1/2023
**KARON SIMMONS**                                           Date

# CERTIFICATE OF RESIDENCE

## TITLE OF DOCUMENT
**PARTIAL CLAIMS MORTGAGE**

## BETWEEN:
**KARON SIMMONS** (assignor/Mortgagor/grantor)

## AND:
**SECRETARY OF HOUSING AND URBAN DEVELOPMENT**
(assignee/Mortgagee/grantee)

I do hereby certify that the precise address of the within named Mortgagee is:
**SECRETARY OF HOUSING AND URBAN DEVELOPMENT**
**451 SEVENTH STREET SW, WASHINGTON, DC 20410**

*By:*

*Print Name:* Susan Hoefler

*Title:* Mortgage Officer

**LEGAL DESCRIPTION**
**Exhibit "A"**
**PNC#**
**TAX ID#**

### Exhibit A (Legal Description)

ALL THAT CERTAIN LOT OR PIECE OF GROUND WITH THE MESSUAGE OR TENEMENT THEREON ERECTED,

SITUATE ON THE SOUTH SIDE OF WEBSTER STREET AT THE DISTANCE OF 157 FEET 3 INCHES WESTWARD FROM THE WEST SIDE OF 59TH STREET IN THE 3RD WARD OF THE CITY OF PHILADELPHIA.

CONTAINING IN FRONT OR BREADTH ON THE SAID WEBSTER SWEET, 15 FEET 3 INCHES AND EXTENDING OF THAT WIDTH IN LENGTH OR DEPTH SOUTHWARD AT RIGHT ANGLES WITH THE SAID WEBSTER STREET 107 FEET TO A THREE FEET WIDE ALLEY RUNNING EAST AND WEST AND COMMUNICATING WITH TWO OTHER 3 FEET WIDE ALLEYS RUNNING NORTH INTO SAID WEBSTER STREET.

BEING THE SAME PROPERTY AS CONVEYED FROM MOKUS BRASWELL BY POWER OF ATTORNEY WARREN R. HAMILTON TO KARON SIMMONS, AS DESCRIBED IN INSTRUMENT NO. 51284041, DATED 8/24/2005, RECORDED 10/5/2005.

TAX ID █████████████

FOR INFORMATIONAL PURPOSES ONLY. PROPERTY ALSO KNOWN AS: 5920 WEBSTER ST PHILADELPHIA, PA 19143

This Document Prepared By:
**TAMEKA THOMPSON**
**PNC MORTGAGE, A DIVISION OF PNC BANK,**
**NATIONAL ASSOCIATION**
**3232 NEWMARK DR**
**MIAMISBURG, OH 45342**
**(888) 224-4702**

When Recorded Mail To:
**PNC BANK, N.A.**
**P.O. BOX 8800**
**DAYTON, OH 45401**

Tax/Parcel #: ▓▓▓▓▓▓▓▓

_____[Space Above This Line for Recording Data]_____

**Original Principal Amount: $89,195.00**                **FHA\VA Case No.** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**Beginning Unpaid Principal Amount: $71,657.02**          **Loan No:** ▓▓▓▓▓▓▓▓
**Capitalization Amount: $17,440.10**
**New Principal Amount: $76,320.09**
**Partial Claim Amount: $12,777.03**
**Total Principal Amount: $89,097.12**

Property Address: **5920 WEBSTER STREET, PHILADELPHIA, PENNSYLVANIA 19143**

# LOAN MODIFICATION AGREEMENT (MORTGAGE)

This Loan Modification Agreement ("Agreement"), made this **25TH** day of **AUGUST, 2023,** between **KARON SIMMONS UNMARRIED** ("Borrower") whose address is **5920 WEBSTER STREET, PHILADELPHIA, PENNSYLVANIA 19143** and **PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO NATIONAL CITY BANK, SUCCESSOR BY MERGER TO NATIONAL CITY BANK OF INDIANA, FORMERLY KNOWN AS NATIONAL CITY BANK, INDIANA.**

HUD-HAMP Subordinate Note ▓▓▓▓▓▓▓                Page 1                ▓▓▓▓▓▓▓▓

("Lender"), whose address is **3232 NEWMARK DR, MIAMISBURG, OH 45342**, amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated **SEPTEMBER 6, 2005** and recorded on **OCTOBER 5, 2005** in **INSTRUMENT NO. 51284042 BOOK N/A PAGE N/A**, of the **OFFICIAL** Records of **PHILADELPHIA COUNTY, PENNSYLVANIA**, and (2) the Note **bearing the same date as**, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**5920 WEBSTER STREET, PHILADELPHIA, PENNSYLVANIA 19143**
(Property Address)

the real property described being set forth as follows:

**THE LAND REFERRED TO IN THIS DOCUMENT IS SITUATED IN THE CITY OF PHILADELPHIA, COUNTY OF PHILADELPHIA, STATE OF PENNSYLVANIA, AND DESCRIBED AS FOLLOWS:**

**SEE ATTACHED EXHIBIT A**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of, **SEPTEMBER 1, 2023** the amount payable under the Note and the Security Instrument (the "Beginning Unpaid Principal Balance") is U.S. **$71,657.02**. The capitalized interest and other amounts capitalized, which is limited to escrows, and any legal fees and related foreclosure costs that may have been accrued for work completed, is the amount of U.S. **$17,440.10**. The "Beginning Unpaid Principal Balance" plus the total Capitalization amount results in the "Total Principal Amount" payable to PNC and HUD in the amount of U.S. **$89,097.12**. The Loan Modification includes the contemporaneous HUD Partial Claim amount of **$12,777.03** which is due to HUD. The "Total Principal Amount" of **$89,097.12** consists of the **$76,320.09 (New Principal Amount minus the Partial Claim Amount)** payable to PNC and the HUD Partial Claim amount of **$12,777.03** payable to HUD.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender Interest will be charged on the Unpaid Principal Balance at the yearly rate of **7.6250%**, from **SEPTEMBER 1, 2023**. Borrower promises to make monthly payments of principal and interest of U.S. **$509.30**, beginning on the **1ST** day of **OCTOBER, 2023**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **7.6250%** will remain in effect until principal and interest are paid in full. If on **SEPTEMBER 1, 2063** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums



prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

   (b) all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. **If the Borrower has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy, and there having been no valid reaffirmation of the underlying debt, by entering into this Agreement, the Lender is not attempting to re-establish any personal liability for the underlying debt.**

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7. Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

8. **Important Information about phone calls, texts, prerecorded and email messages:** If, at any time, you provide to PNC, its affiliates or designees contact numbers that are wireless telephone number(s) including, but not limited to, cell or VoIP numbers, you are consenting to PNC, its affiliates and designees using an automated dialing system to call or text you, or to send prerecorded messages to you, in order to service, and collect on, any personal account(s) and business account(s) (for which you are an authorized signer or designated contact person) with PNC and/or its affiliates, but not to market to you. For any type of phone call with PNC, its affiliates or designees, you consent that the call may be monitored or recorded for quality control and training purposes. By providing your email address, you consent to receive electronic mail from PNC, its affiliates and designees.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument.

Borrower: **KARON SIMMONS**

9/1/2023
**Date**

_____[Space Below This Line for Acknowledgments]_____

## BORROWER ACKNOWLEDGMENT

State of Pennsylvania
County of _Philadelphia_

This record was acknowledged before me on _____9/1/2023_____ (date)
by KARON SIMMONS (name(s) of individual(s)).

Signature of notarial officer

(Stamp)

_Nancy A Matteis  Notary Public_
Printed Name and Title of office

Commonwealth of Pennsylvania - Notary Seal
NANCY A MATTEIS - Notary Public
Philadelphia County
My Commission Expires May 19, 2027
Commission Number 1262609

My commission expires: _May 19 2027_

In Witness Whereof, the Lender has executed this Agreement.

**PNC MORTGAGE, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION**

_(signature)_            9/27/23

**By Susan Hoefler**      (print name)        Date
    **Mortgage Officer**       (title)

_____ [Space Below This Line for Acknowledgments] _____

State of _Ohio_

County of _Montgomery_

The foregoing instrument was acknowledged before me this _9/27/2023_

(date) by **SUSAN HOEFLER**, the **MORTGAGE OFFICER** of **PNC MORTGAGE, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION**, a national association, on

behalf of the national association

_(signature)_

Notary Public

HOPE CHANDLER
Notary Public
State of Ohio
My Comm. Expires
September 30, 2025

Printed Name: _Hope Chandler_

My commission expires: _9/30/2025_

**PNC MORTGAGE, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION**
**3232 NEWMARK DR**
**MIAMISBURG, OH 45342**

Date: **AUGUST 25, 2023**
Loan Number
Lender: **PNC MORTGAGE, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION**

Borrower: **KARON SIMMONS**

Property Address: **5920 WEBSTER STREET, PHILADELPHIA, PENNSYLVANIA 19143**

## NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

_Karen Simmons_                                            9/1/2023

Borrower                                                              Date
**KARON SIMMONS**

Date: **AUGUST 25, 2023**
Loan Number
Lender: **PNC MORTGAGE, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION**
Borrower: **KARON SIMMONS**

Property Address: **5920 WEBSTER STREET, PHILADELPHIA, PENNSYLVANIA 19143**

# ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In consideration of **PNC MORTGAGE, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION**

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses, as a result of the Borrower's failure to comply with all such requests within such 30 day time period.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

**KARON SIMMONS**

9/1/2023
Date

# CERTIFICATE OF RESIDENCE

## TITLE OF DOCUMENT
**LOAN MODIFICATION AGREEMENT (MORTGAGE)**

## BETWEEN:
**KARON SIMMONS** (assignor/Mortgagor/grantor)

## AND:
**PNC MORTGAGE, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION** (assignee/Mortgagee/grantee)

I do hereby certify that the precise address of the within named Mortgagee is:
**PNC MORTGAGE, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION**
**3232 NEWMARK DR**
**MIAMISBURG, OH 45342**

*By:* _____

*Print Name:* _____Susan Hoefler_____
              Mortgage Officer
*Title:* _____

**LEGAL DESCRIPTION**
**Exhibit "A"**
**PNC#**
**TAX ID#**

_Exhibit A (Legal Description)_

ALL THAT CERTAIN LOT OR PIECE OF GROUND WITH THE MESSUAGE OR TENEMENT THEREON ERECTED,

SITUATE ON THE SOUTH SIDE OF WEBSTER STREET AT THE DISTANCE OF 157 FEET 3 INCHES WESTWARD FROM THE WEST SIDE OF 59TH STREET IN THE 3RD WARD OF THE CITY OF PHILADELPHIA.

CONTAINING IN FRONT OR BREADTH ON THE SAID WEBSTER SWEET, 15 FEET 3 INCHES AND EXTENDING OF THAT WIDTH IN LENGTH OR DEPTH SOUTHWARD AT RIGHT ANGLES WITH THE SAID WEBSTER STREET 107 FEET TO A THREE FEET WIDE ALLEY RUNNING EAST AND WEST AND COMMUNICATING WITH TWO OTHER 3 FEET WIDE ALLEYS RUNNING NORTH INTO SAID WEBSTER STREET.

BEING THE SAME PROPERTY AS CONVEYED FROM MOKUS BRASWELL BY POWER OF ATTORNEY WARREN R. HAMILTON TO KARON SIMMONS, AS DESCRIBED IN INSTRUMENT NO. 51284041, DATED 8/24/2005, RECORDED 10/5/2005.

TAX ID

FOR INFORMATIONAL PURPOSES ONLY, PROPERTY ALSO KNOWN AS: 5920 WEBSTER ST PHILADELPHIA, PA 19143